UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
In re
      ALBERT E. LORENZO                                  Case No. 04-10237 K
                              Debtor
------------------------------------------------------------------
MARK S. WALLACH, TRUSTEE

                              Plaintiff

            -vs-                                       AP No. 04-1335 K

LUCIE SIMCOE
                              Defendant
------------------------------------------------------------------

OPINION AND ORDER

Mark S. Wallach, Esq.
169 Delaware Avenue
Buffalo, NY   14202

Trustee

Philip A. Thielman, Esq.
1156 E. Lovejoy St.
Buffalo, NY   142206

Attorney for Defendant

       The Chapter 7 Trustee seeks Summary Judgment to recover $12,000 transferred by the Debtor to his sister on the eve of filing. The Debtor and his sister assert that the $12,000 was her share of an inheritance. The facts are not in dispute. Judgment will enter in favor of the Trustee.

FACTS AND DISCUSSION

This is the third in a line of written decisions in which this writer addresses the claims of a debtor or others to the effect that an unequivocal, documented transaction was not in fact what it appeared to be. In *In re Wittmeyer*, 311B.R. 137 (Bankr. W.D.N.Y. 2004), a debtor's former husband claimed that a Harley Davidson motorcycle really belonged to him, even though he participated in having his then-wife place record title, under State recording laws, in her name alone, so that she could obtain the loan to buy it (a loan that he claims he eventually paid) and even though the cycle was not addressed when other matters were addressed in the marital dissolution.

In the unpublished case of *In re Cranston*, 03-17366 K, May 17, 2004, a debtor claimed that an unsecured installment promissory note that he took in exchange for transfer of his interest in a business to a partner was not a simple "receivable," but was in fact an "exempt retirement device," much "like an annuity."

Many other similar "real-life" cases that have come before the Court are discussed in the *Wittmeyer* decision.

Here, the Debtor and his last-surviving sister attest that when, on the eve of bankruptcy, the Debtor borrowed against a non-exempt house that he owned free-and-clear (but in which he has not resided for many years) after its life-tenant (a different sister) had died, he

gave the surviving sister $12,000 of the loan proceeds [1] not as a fraudulent conveyance, but rather simply as a "distribution" to her of her share of "their inheritance" - - the house.

The Court has no doubt that that is what they believed the transfer to be, nor any doubt that that transfer fulfilled the intentions of their parents, who left the house to their offspring many years ago. The Court also has no doubt that were there ever to have been a dispute among the offspring, the intent of the parents and various of the other family members would prevail over the "form" of the underlying documents.

But in 1998, all six of the then-surviving offspring executed a deed transferring the house they inherited from their parents - - perhaps the house in which they all grew up - - to just two of them. The life estate to their sister, Francis David, and the remainder to their brother, this Debtor. The Defendant, Lucie Simcoe, signed that deed.

There were no reservations of other interests, no mortgage in favor of the other siblings, no trust instruments, not even a simple memorandum of agreement. On August 14, 2003, Francis David passed away, and on January 14, 2004, Albert E. Lorenzo filed this Petition. But on December 19, 2003, he had conveyed the $12,000 to this Defendant.

As in *Wittmeyer*, the sister (here aided by the Debtor) claims what this writer calls "ownership by declaration," as to the $12,000.

The Court fully understands that the familial trust relationship sometimes

---

[1] The Debtor borrowed more than $12,000, but only the $12,000 is at issue here.

precludes documentation of the agreement within the family.[2]  But that fact and its concomitant legal doctrines [3] apply only <u>within</u> the family, and the legal disputes <u>among</u> the members.  Never are those doctrines applied <u>against</u> arms-length creditors of the holder of   recorded title.  In fact, the doctrines applicable to creditor claims against a debtor who has transferred assets to a family member are decidedly in favor of the creditor.[4]  Inter-family transfers by an insolvent person are subject to great scrutiny.[5]

Moreover, the asset at issue here is not just $12,000 cash.  It is $12,000 in proceeds borrowed on the eve of bankruptcy against a free-and-clear, non-exempt piece of real estate.  The mortgage borrowing encumbered what would have been the Trustee's to sell for the benefit of the creditors of the Debtor, who is, of record, the owner in Fee Simple Absolute.[6]  And so the "Statute of Frauds" is also implicated, of course, now that the Trustee has succeeded to that Title.  And there is no writing to document Lucie Simcoe's asserted interest in the property

---

[2] But just as often, in this writer's personal and  professional experience, some paper trail is maintained, even if lawyers were not involved, when there has been an "advancement on an inheritance," or a loan, or a gift of a down payment on a house or car, etc.  Such a paper trail is kept precisely to avoid eventual disputes within the family about the division of a decedent's estate.

[3] See, for example, 30 N.Y. Jur. 2d Creditors' Rights and Remedies, §§ 351-52, 362-69, 371 (all addressing transactions between relatives) (Thomson/West 2006).  See also 61 N.Y. Jur. 2d Statutes of Frauds § 97 (addressing transactions to which statute applies and citing *In re Sproule's Estate,* 42 Misc. 448, 87 N.Y.S. 432 (Sur. Ct. 1904) ("A verbal agreement amounting to a family settlement among heirs of a deceased, which purports to dispose of the estate of the deceased, will not pass real property.") (Thomson/West 2006).

[4] Id.

[5] Consider, for example, *Chase Manhattan Bank v. Doktor*, 162 N.Y.S.2d 84, 86 (N.Y. Sup. Ct. 1957) (quoting *Hiscock v. Cowperthwait*, 119 N.Y.S. 390, 391 (N.Y. App. Div. 1909); *ACLI Gov't. Sec., Inc. v. Rhoades* 653 F. Supp 1388, 1391 (S.D.N.Y. 1987); *U.S. v. McCombs*, 30 F.3d 310, 325 (2nd Cir. 1994); *Baker v. Power Securities Corp.,* 948 F.Supp. 266 (W.D.N.Y. 1996); *ACLI Gov't. Sec., Inc. v. Rhoades*, 653 F.Supp at 1391; *Gray v. Fill (In re Fill)*, 82 B.R. 200, 216 (Bankr. S.D.N.Y. 1987).

[6] Apparently, some nieces/nephews are residing in the house now.

as against the rest of the world outside the family.

As the Court stated at oral argument on this Motion, Counsel for the Defendant has very ably argued why Lucie Simcoe should prevail in equity. But the argument would succeed only in a dispute between the Debtor and his sister. The family failed to protect their parents' intentions against the insolvency (and subsequent bankruptcy) of this Debtor in whom they vested Fee Simple ownership.

Judgment will enter for the Trustee for $12,000. The estate still has ownrship of the real estate, under 11 U.S.C. § 541.

SO ORDERED.

Dated:        Buffalo, New York
              March 31, 2006

                                                          _____
                                                          U.S.B.J.